# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JON E. KINZENBAW and KINZE MANUFACTURING, INC., <br><br> Plaintiffs/Counterclaim-Defendants, <br><br> vs. <br><br> CASE, LLC, f/k/a CASE CORPORATION and NEW HOLLAND NORTH AMERICA, INC., <br><br> Defendants/Counterclaim-Plaintiffs. | No. C01-133-LRR <br><br> **ORDER** |

_____

**TABLE OF CONTENTS**

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. LEGAL ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    A.  Costs Under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. §
        1920 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    B.  Fees of the Court Reporter for Transcripts Necessarily Obtained
        for Use in the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    C.  Fees and Disbursements for Witnesses . . . . . . . . . . . . . . . . . . . . . . 6
    D.  Fees for Exemplification and Copies of Papers . . . . . . . . . . . . . . . . 7
    E.  Docket Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## *I. INTRODUCTION*

This matter comes before the court pursuant to the Motion to Vacate Clerk's Taxation of Costs in the Amount of $303,826.12 in Favor of CNH America (docket no. 369) filed by Plaintiffs Jon E. Kinzenbaw and Kinze Manufacturing, Inc. (collectively

"Kinze").

The court held a jury trial on this case on November 15-20, 22-24 and 29, 2004. On December 2, 2004, the jury returned a verdict of non-infringement in favor of Defendants Case, LLC f/k/a Case Corporation and New Holland North America, Inc. (collectively "Case"). The jury left blank on the Verdict Form the questions regarding: (1) whether claims 1, 2, 3, 9 and 22 are invalid on the grounds they were anticipated by prior art and/or obvious and whether claims 1 and 22 are invalid for indefiniteness, lack of enablement and/or lack of written description; and (2) whether claim 2 of the '168 patent is invalid on the ground that it does not add a further limitation to claim 1. The court ruled against Case on all of these issues in its February 4, 2005 Order regarding Case's renewed motion for judgment as a matter of law. On February 17, 2005, Case filed its Bill of Costs with the Clerk of Court as the prevailing party in this case. Kinze replied to Case's Bill of Costs and objected to almost all of the costs Case seeks to recover. Case responded to Kinze's reply and agreed to reduce the amount and type of certain costs it seeks in response to Kinze's objections. Case filed with its response an amended Bill of Costs. Kinze filed a reply to Case's response. On June 29, 2005, the Clerk of Court awarded to Case the costs set forth in its amended Bill of Costs. On July 8, 2005, Kinze filed the instant Motion to Vacate the Clerk of Court's taxation of costs. Kinze filed its brief in support of the Motion on July 13, 2005. For the reasons set forth below, the court denies Kinze's Motion and affirms the Clerk of Court's award of costs to Case.

## II. LEGAL ANALYSIS

### A. *Costs Under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920*

"The district court has substantial discretion in awarding costs to a prevailing party under 28 U.S.C. § 1920 . . . and Fed. R. Civ. P. 54(d). . . . In fact, Fed. R. Civ. P. 54(d) codifies the presumption that . . . costs will be awarded to prevailing parties." *Zotos*

*v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (internal citations omitted).[1] Under Federal Rule of Civil Procedure 54(d)(1), "costs other than attorney fees 'shall be allowed as of course to the prevailing party' unless the court otherwise directs." *Leonard v. Southwestern Bell Corp. Disability Income Plan*, 408 F.3d 528, 532-33 (8th Cir. 2005) (quoting Fed. R. Civ. P. 54(d)(1)). "The Supreme Court has held the word 'costs' in Federal Rule of Civil Procedure 54(d) is defined by 28 U.S.C. § 1920." *Walitalo v. Iacocca*, 968 F.2d 741, 750 (8th Cir. 1992) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "When an expense is taxable as a cost, . . . there is a strong presumption that a prevailing party shall recover it 'in full measure.' . . . The 'losing party bears the burden of making the showing that an award is inequitable under the circumstances.'" *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (internal citations omitted). The court turns to consider Case's amended Bill of Costs under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920 and Kinze's

---

[1] Under the law of the Federal Circuit Court of Appeals, this court must review the taxation of costs in this case under the law of the regional circuit which, in this case, is the Eighth Circuit Court of Appeals. *Koito Mfg. Co., Ltd. v. Turn Key Tech, LLC*, 381 F.3d 1142, 1148 (Fed. Cir. 2004).

objections to the Clerk of Court's taxation of costs with these principles in mind.

### B. Fees of the Court Reporter for Transcripts Necessarily Obtained for Use in the Case

"Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(2). *See* 28 U.S.C. § 1920(2). Fees incurred in connection with deposition transcripts may be awarded if "the deposition 'was necessarily obtained for use in a case' and was not 'purely investigative.'" *Zotos*, 121 F.3d at 363 (quoting *Slagenweit v. Slagenweit*, 63 F.3d 719, 720 (8th Cir. 1995)). "'The determination of necessity must be made in light of the facts known at the time of the deposition without regard to intervening developments that later render the deposition unneeded for further use.'" *Id.* (quoting *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)). "The 'underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken.'" *Id.* (quoting *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996)).

Furthermore, with regard to videotaped depositions, the Tenth Circuit Court of Appeals has held the following:

> We agree . . . that the costs associated with videotaping a deposition are taxable under section 1920(2). In so holding, we recognize that section 1920(2) does not explicitly provide for the taxation of costs associated with video depositions. Federal Rule of Civil Procedure 30(b)(2)-(3), however, authorizes videotape depositions as an alternative to traditional stenographic depositions. Interpreting section 1920(2) in conjunction with Rule 30(b)(2)-(3), we hold section 1920(2) implicitly permits taxation of the costs of video deposition. Moreover, we recognize that permitting recovery of the costs of video depositions comports with public policy. We see no reason to penalize a prevailing party because the party has chosen to preserve and present testimony through a videotape instead of a printed transcript. "Videotaped depositions are a necessary and time effective method of preserving witnesses'

> time and allocating previous court and judicial time in this age of advanced court technology and over-crowded court calendars. Thus, we must not seem reluctant to adopt any and all time-saving methods that serve to improve our system of justice."

*Tilton*, 115 F.3d at 1477 (quoting *Commercial Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1368 (7th Cir. 1990)).

Case seeks an award of $15,738.50 for the costs it incurred for videotaped depositions and transcripts of depositions and court proceedings. The court notes Case initially requested $19,170.95, but Case reduced the amount of the costs it seeks in this regard in response to Kinze's initial objections to Case's Bill of Costs. The court has reviewed the documentation provided by Case in support of its request for an award of costs and concludes Case is entitled to an award of $15,694.00 for court reporter fees and transcripts.[2] This amount represents the court reporter fees and transcripts for depositions the court finds would have seemed reasonably necessary at the time they were taken.[3]

---

[2] The court has removed from the costs claimed for Jon Carlson's deposition $44.50 which represents a "jurat fee" which consists of "a copy for the witness to read and sign" and "shipping charges to Mr. King for witness copy." The court assumes Case's failure to remove these charges from the costs it seeks was an oversight given the fact Case removed such charges with respect to other depositions.

[3] The court notes Kinze objects to the charge for Real Time transcript of Jon Kinzenbaw's deposition, which was a videotaped deposition. Federal Rule of Civil Procedure 26 requires a party who has noticed a deposition to be taken by nonstenographic means to provide a transcript to opposing parties as part of the its discovery obligations. Federal Rule of Civil Procedure 32(c) requires a party to provide a transcript of a video deposition the party intends to offer as evidence at trial or in support of a dispositive motion. The court therefore finds the Real Time transcript of Mr. Kinzenbaw's deposition was "necessarily obtained for use in the case" and therefore taxable as a cost under 28 U.S.C. § 1920. *See Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997).

This amount also includes the expense Case incurred in obtaining a Real Time trial transcript which the court finds is properly taxed as a cost in this case given the length of the trial and the improbability that Case attorneys could have taken notes adequate to obviate the need for such transcript during trial. *See Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd.*, No. C00-35-LRR, 2004 WL 1234130, *9 (N.D. Iowa June 2, 2004).

### C. Fees and Disbursements for Witnesses

28 U.S.C. § 1920(3) provides for payment of witness fees. The witness fee specified in § 1920(3) is defined in 28 U.S.C. 1821, which provides:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States . . . shall be paid the fees and allowances provided by this section.
>
> * * *
>
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
>
> (c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.
>
> * * *
>
> (3) Toll charges for toll roads, bridges, tunnels and ferries, taxicab fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt) shall be paid in full to a witness incurring such expenses.
>
> * * *
>
> (d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because

> such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.
>
> (2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government. . . .

28 U.S.C. § 1821. *See Crawford Fitting Co.*, 482 U.S. at 440-41 ("The witness fee specified in § 1920(3) is defined in 28 U.S.C. § 1821.") "The Supreme Court has held that '*absent explicit statutory* or contractual *authorization* for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Neosho R-V Sch. Dist. v. Clark*, 315 F.3d 1022, 1031 (8th Cir. 2003) (quoting *Crawford Fitting Co.*, 483 U.S. at 447).

Case seeks in its amended Bill of Costs $8,892.75 for the witness fees and disbursements Case incurred as a result of the testimony at trial and by deposition of the following witnesses: Edward Caulfield, Allen Forbes, Harry Manbeck, Jr., Paul Paluch, Kregg Raducha, Bradley Redekopp and Dr. Allyn Strickland. The court has reviewed Case's request for costs in connection with each of these witnesses. Case requests reimbursement for the costs of each witness amounts that are permissible under 28 U.S.C. § 1821. The court therefore finds the amount Case requests in witness fees is properly taxable as a cost under 28 U.S.C. § 1821 and the court, in its discretion, awards to Case an amount equal to $8,892.75.

### D. *Fees for Exemplification and Copies of Papers*

28 U.S.C § 1920(4) allows fees for "exemplification and copies of papers necessarily obtained for use in the case." Expenses for trial exhibits, including enlargements, may be costs which are allowable under § 1920(4) if such materials are "necessarily obtained for use in the case." *Crues v. KFC Corp.*, 768 F.2d, 230, 234 (8th

7

Cir. 1985). Further, "[t]he cost of preparing a variety of exhibits has been allowed by many courts, either under 28 U.S.C. § 1920 or as an exercise of judicial discretion. Among these are maps, photographs, charts, and copies of records. Costs that are merely incidental to the trial or are incurred in the preparation for it will not be considered as necessary by the [c]ourt and will not be allowed." *Evans v. Fuller*, 94 F.R.D. 311, 315 (W.D. Ark. 1982). "So long as the means of presentation furthers the illustrative purpose of an exhibit, . . . it is potentially compensable as exemplification" subject to the determination that the demonstrative aid was necessarily obtained for use in the case pursuant to 28 U.S.C. § 1920(4). *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000). Furthermore, enlarged trial exhibits, demonstrative aids, audiovisual equipment and other multi-media presentations are recoverable as exemplification costs as long as they meet the standard of furthering the illustrative purpose of the exhibits. *Trammel v. BASF Corp.*, 2002 WL 59114 at *7, 2002 U.S. Dist. LEXIS 383 at *18 (N.D. Ill. Jan. 14, 2002) (citing *Chemetall GmbH v. ZR Energy, Inc.*, 2001 WL 1104604 at **29-32, 2001 U.S. Dist. LEXIS 23716 at *93 (N.D. Ill. Sept. 18, 2001)).

Case seeks in its amended Bill of Costs fees for exemplification of copies and papers in the amount of $285,148.97. This amount includes $156,122.38 for Case's use of Trial Graphix, Inc. and its Trial Graphics Multimedia Presentation System to facilitate the presentation of evidence at trial, which Case contends included a very large number of documents and videotaped deposition testimony. Case also seeks $114,159.97 for amounts it paid to consultants to prepare trial boards showing charts and diagrams relating to various issues at trial; physical models of several planters; and videos of the prior art Turn-A-Haul and Turn-A-Port machines. Specifically, Case claims as costs in this regard: (1) $86,195.38 for physical models Case had made for use at trial; (2) $5,550.00 it paid for rental and transportation of the Turn-A-Haul and Turn-A-Port machines; (3) $10,892.59 it paid to have video of these prior art machines prepared; (4) $3,359.50 for

the trial board demonstratives Case had prepared for trial; and (5) $8,162.50 for the costs Case paid to have a tutorial video prepared for the claim construction hearing the court held in this case.[4] Case also seeks $12,854.58 for the cost of preparation of a set of trial exhibits for the court, the Clerk of Court and opposing counsel; $1,562.04 for translations of foreign language prior art references; and $450.00 for amounts it paid to the United States Patent and Trademark Office to obtain copies of the file wrapper of the patent in suit and Case's U.S. Patent 6,213,034 which Case introduced into evidence at trial.

The court finds the following amounts are properly taxed as costs under 28 U.S.C. § 1920(4): (1) $156,122.38, the amount Case paid for the use of the Trial Graphics Multimedia Presentation System; and (2) $114,159.97, the amount Case paid to have trial boards showing charts and diagrams relating to various issues at trial prepared; for the physical models of several planters; for the rental of the Turn-A-Haul and Turn-A-Port prior art machines, for the videos of the prior art Turn-A-Haul and Turn-A-Port machines and for the tutorial video prepared for the claim construction hearing. The court finds, and neither party would dispute, that the patent at issue in this case and the issue of whether Case infringed the patent are extremely complex issues. The patents the court and jurors had to consider are written in technical language and involve engineering concepts to which most jurors are not exposed on a daily basis. The court finds the boards showing charts and diagrams, the physical models, the video of the prior art machines and the multimedia presentation system all helped to better exemplify the evidence, to make the issues involved in the trial easier for the jurors to comprehend and, in the end, to expedite

---

[4] The court notes Case originally asked for $115,788.13 as compensation for costs Case incurred in this regard. In response to Kinze's objections to Case's original Bill of Costs, Case removed from this category of costs an amount equal to $1,628.16 for the rental of a copy machine during trial. The court agrees with Kinze this amount would not have been taxable as a cost under 28 U.S.C. § 1920(4) because it was not necessary for trial and was a measure Case took for the convenience of its attorneys.

the trial. Accordingly, the court finds Case is entitled to reimbursement of these costs under 28 U.S.C. § 1920(4), especially in light of the presumption Case is to recover its costs "in full measure." The court finds Kinze's arguments against taxation of these costs are insufficient to rebut the presumption in Case's favor with respect to the recovery of such costs.

In addition, the court finds Case is entitled to reimbursement under 28 U.S.C. § 1920(4) in the amount of $1,562.04 for the cost of translation of prior art patents written in foreign languages and $6,924.98 for the cost of copying trial exhibits for the court, the Clerk of Court and opposing counsel.[5] *See Tilton*, 115 F.3d at 1475 (affirming trial court's ruling that costs for trial exhibits were necessarily incurred where the court had ordered the party to provide a set of trial exhibits to opposing counsel and to the court). The court further finds Case is entitled to the $450.00, which is the amount Case paid to obtain copies of the file wrappers of the patents in suit and Case's accused patent, both of which were used extensively at trial and throughout the case. Accordingly, the court, in its discretion, finds Case is entitled to a total of $279,219.37 for the cost of exemplification and copies of papers necessarily obtained for use in the case under 28 U.S.C. § 1920(4).

### E. Docket Fees

Case requests as recoverable costs $20.00 in docket fees. The court finds such fees are recoverable under 28 U.S.C. § 1920(5) and therefore awards to Case the amount of such costs.

### III. CONCLUSION

In light of the foregoing, **IT IS ORDERED**:

(1)  Kinze's Motion to Vacate the Clerk's Taxation of Costs in the Amount of

---

[5] The court has deducted $5,929.60 from the amount Case seeks for the cost of copying exhibits for trial because this amount appears to be attributable to the cost of a document production. Such a cost is not recoverable under 28 U.S.C. §1920(4).

$303,826.12 in Favor of CNH America LLC (docket no. 369) is **DENIED**. The court affirms the Clerk of Court's taxation of costs.

(2)  Case is entitled to an award of costs in this case in the amount of $303,826.12.

(3)  The Clerk of Court shall enter judgment accordingly.

**SO ORDERED.**

**DATED** this 14th day of July, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA