# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JON E. KINZENBAW and KINZE MANUFACTURING, INC., | |
| Plaintiffs/Counterclaim-Defendants, | No. C01-133-LRR |
| vs. | **ORDER** |
| CASE, LLC, f/k/a CASE CORPORATION and NEW HOLLAND NORTH AMERICA, INC., | |
| Defendants/Counterclaim-Plaintiffs. | |

_____

The matter before the court is Plaintiff's Uncontested Motion Pursuant to Fed. R. Civ. P. 62(d) for Approval of Supersedeas Bond (docket no. 377), filed by Jon E. Kinzenbaw and Kinze Manufacturing, Inc. (collectively "Kinze") on July 26, 2005.

On July 15, 2005, this court entered a judgment against Kinze in the amount of $303,826.12 (docket no. 373). On July 19, 2005, Kinze filed a Notice of Appeal (docket no. 374). Kinze filed the instant motion and accompanying $400,000 Supersedeas Bond on July 26, 2005 (docket no. 377). Kinze requests the court enter an order approving the Supersedeas Bond and staying the execution and enforcement of the July 15, 2005 judgment pending resolution of all appeals. Defendants CNH America, LLC, f/k/a Case, LLC, f/k/a Case Corporation and New Holland North America, Inc. (collectively "Case") have not filed a resistance and have no objection to the form or the amount of the bond. On today's date, a telephonic hearing was held on the motion. Both parties were

represented by counsel.  The court finds the matter fully submitted and ready for decision.

The Federal Rules of Civil Procedure provide, in pertinent part:

> **(a) Automatic Stay; Exceptions—Injunctions, Receiverships, an Patent Accountings.** Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry . . . .
>
> **(d) Stay Upon Appeal.** When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subsection (a) of this rule.  The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal as the case may be.  *The stay is effective when the supersedeas bond is approved by the court.*

Fed. R. Civ. P. 62 (emphasis added).  Under Federal Rule of Civil Procedure 62(d), an appellant is entitled to a stay of judgment pending appeal as a matter of right when such party posts a supersedeas bond.  *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966); *see also Dockendorf v. Dakota County State Bank*, 673 F.2d 961, 968 (8th Cir. 1981) (finding the district court had discretion to stay execution of the judgment pending appeal to the Eighth Circuit Court of Appeals under Rule 62(d) where the defendant posted a supersedeas bond).

For the foregoing reasons, **IT IS THEREFORE ORDERED:**

(1) Kinze's Uncontested Motion Pursuant to Fed. R. Civ. P. 62(d) for Approval of Supersedeas Bond (docket no. 377-1) is **GRANTED**;

(2) The court **APPROVES** the $400,000 Supersedeas Bond filed by Kinze on July 26, 2005 (docket no. 377-2); and

(3) The monetary judgment entered on July 15, 2005 (docket no. 373), shall be immediately **STAYED** and shall remain stayed during the pendency of any and all available appeals.

**IT IS SO ORDERED.**

**DATED** this 18th day of day of August, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA